UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SHIRLEY D. BROCK, | ) | |
| | ) | Case No. 1:24-cv-200 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Michael J. Dumitru |
| GINGER YATES, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Officer William Madison's motion for summary judgment. (Doc. 65.) For the following reasons, the Court will **GRANT** Madison's motion.

**I. BACKGROUND**

This action arises out of a love triangle and child-custody dispute involving Plaintiff Shirley Brock and former defendant Ginger Yates. As it relates to Officer Madison, however, Brock's complaint alleges only the following:

- "Officer Madison (Madison), Badge 1118 was a sworn law enforcement officer employed by the City [of Chattanooga] and working at [the Chattanooga Police Department]";

- "At all relevant times, Madison acted within the scope and course of his employment with the City";

- After an anonymous call claimed that Brock was causing a disturbance and had an active warrant, Madison responded to the disturbance;

- Madison failed to interview available witnesses who would have said that Brock was not causing a disturbance;

- Madison contacted Brock and told her she was under arrest for harassment even though Brock informed him that the "warrant allegations were not true as the

- identical allegations had been made in Hamilton County Chancery Court and were dismissed four (4) days earlier";

- Madison did not permit Brock to show him "a copy of the dismissal of the Petition for Order of Protection based upon identical allegations of harassment'";

- Madison handcuffed Brock and "the force of his physical detention caused Brock injuries which are ongoing and for which Brock is in the care of a physician";

- At the time of her arrest, Brock was only wearing a night gown and Madison did not allow her to put on any undergarments or shoes; and

- During transport, Madison stopped his vehicle to adjust Brock's handcuffs, and, while readjusting, Brock's night gown became partially untied and exposed her breasts to Madison.

(Doc. 1, at 5–6.) Brock initiated this action on June 19, 2024 (Doc. 1), and, in her complaint, she asserts two claims against Madison under 42 U.S.C. § 1983—one for violation of her Fourth Amendment right to be free from false arrest and one for violation of her Fourth Amendment right to be free from unlawful seizure and use of excessive force. (*Id*. at 8–9.)

On December 12, 2025, Madison filed a motion for summary judgment. (Doc. 65.) In support of his motion, Madison filed his own affidavit, as well as affidavits from Division Chief David Young, Jr., Braeden Long, and Officer Trent Kilpatrick. Madison also filed Chattanooga Police Department policies regarding use of force and arrest procedures.

### A. Madison's Affidavit

In his affidavit, Madison avers: (1) on June 24, 2023, he received a call from dispatch informing him there was a possible arrest warrant for Brock; (2) prior to the call from dispatch, he did not have any knowledge of Brock and had never met Ginger Yates; (3) he executed the arrest warrant but did not "swear out" the warrant, which was sworn out by Office Trent Kilpatrick; (4) he arrived at Brock's apartment at approximately 9:20 p.m. and knocked on her door; (5) Brock answered the door and he confirmed her identity; (6) after she confirmed her identity, he placed her under arrest and took her into custody; (7) when he began placing Brock

under arrest, she attempted to retreat into her residence and resisted arrest; (8) he applied the appropriate amount of force necessary to effectuate arrest and keep parties safe pursuant to Chattanooga Police Department policies; and (9) he transported Brock to the Hamilton County Jail and again confirmed that her warrant was valid. (Doc. 65-1.)

### B. Kilpatrick's Affidavit

In his affidavit, Kilpatrick avers: (1) on June 16, 2023, he responded to a situation involving obscene and harassing phone calls received by Ginger Yates from Shirley Brock; (2) Yates reported to him that she advised Brock not to contact her further on March 22, 2023, but Brock continued to contact her; (3) prior to the report, he did not have any personal relationship with Yates, Brock, or anyone else involved in this matter; (4) he had previously been called for disturbances involving Brock in December 2022 and March 2023; (5) based on his knowledge of the harassing communications, he swore out a warrant for Brock's arrest, having probable cause to believe that she had violated Tennessee Code Annotated § 39-17-308; (6) a magistrate signed the warrant; and (7) he did not have any communication with Madison before Madison executed the warrant on June 24, 2023. (Doc. 65-2.)

### C. Long's Affidavit

In his affidavit, Long avers: (1) on June 24, 2023, he assisted Madison in executing the arrest warrant of Brock; (2) to his knowledge, the arrest warrant was valid; (3) when Madison began the process of placing Brock under arrest, she attempted to retreat into her residence and was resisting arrest; and (4) he observed Madison apply an appropriate amount of force necessary to effectuate her arrest and keep all parties safe pursuant to Chattanooga Police Department policies. (Doc. 65-3.)

3
Case 1:24-cv-00200-TRM-MJD   Document 68   Filed 01/07/26   Page 3 of 7   PageID #: 318

### D. Young's Affidavit

In his affidavit, Young avers: (1) he is familiar with all written polices, customs and practice of the Chattanooga Police Department as they existed on June 24, 2023; (2) ADM-5 was the official policy of the Chattanooga Police Department on use of force and OPS-42 was the official policy of the Chattanooga Police Department on executing arrest warrants; (3) Madison's arrest of Brock was based on a valid warrant and conducted in accordance with OPS-42; and (4) he believes the level of force used in effectuating Brock's arrest was appropriate and in compliance with ADM-5. (Doc. 65-4; *see also* Doc. 65-5, Doc. 65-6.)

Based on this evidence, Madison contends that he is entitled to qualified immunity as it relates to Brock's Fourth Amendment claims against him. (*See generally* Doc. 66.) Brock has not responded to Madison's motion for summary judgment and the time for doing so has passed.[1] Accordingly, Madison's motion for summary judgment is ripe for the Court's review.

## II. STANDARD OF LAW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmoving party and makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349

---

[1] *See* E.D. Tenn. L.R. 7.1(a) ("[P]arties shall have 21 days in which to respond to dispositive motions . . . .").

F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively producing evidence establishing that there is no genuine issue of material fact or by pointing out the absence of support in the record for the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once the movant has discharged this burden, the nonmoving party can no longer rest upon the allegations in the pleadings; rather, it must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).

At summary judgment, the Court may not weigh the evidence; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the non-movant based on the record. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If not, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

### III. ANALYSIS

Madison has moved for summary judgment on Brock's Fourth Amendment claims filed pursuant to § 1983. Even though Brock failed to respond to Madison's motion, the Court "is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his] burden." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The Court must "intelligently and carefully review the legitimacy of such an unresponded-to motion," by considering "the context within which evidence . . . was given." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992).

Madison argues that the Court should enter summary judgment in his favor because he is entitled to qualified immunity. The doctrine of qualified immunity "shields governmental officials from monetary damages as long as their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Sumpter v. Wayne Cty.*, 868 F.3d 473, 480 (6th Cir. 2017) (internal quotation marks omitted). In deciding whether a defendant is entitled to qualified immunity at the summary judgment stage, the Court employs a two-part test, which may be conducted in either order. *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). First, the Court determines whether the facts, viewed in the light most favorable to the plaintiff, show that the official violated a constitutional right. *Holzemer v. City of Memphis*, 621 F.3d 512, 519 (6th Cir. 2012). Second, if a constitutional right was violated, the Court determines whether the right was clearly established at the time the violation occurred. *Id.* The plaintiff bears the burden of "satisfy[ing] both inquires in order to defeat the assertion of qualified immunity." *Sumpter*, 868 F.3d at 480.

In this case, Madison is entitled to summary judgment because the undisputed evidence demonstrates that he did not violate any of Brock's constitutional rights. According to the affidavits filed in support of his motion summary judgment, Madison effectuated the arrest of Brock pursuant to a valid warrant. Under these circumstances, there is insufficient evidence from which a reasonable jury could conclude that Madison violated Brock's Fourth Amendment right to be free from false arrest. *See Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005) ("An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983.") Similarly, Madison and Long aver that Madison used an appropriate amount of force that is consistent with Chattanooga Police Department policy based on Brock's retreat into her residence and her active

resisting of arrest at the time Madison attempted to place her under arrest. Brock has not offered any evidence to contradict the affidavits provided by Madison, and, as a result, there is insufficient evidence in the record from which a reasonable jury could conclude that Madison violated Brock's Fourth Amendment right to be free from excessive force. *See Stanfield v. City of Lima*, 727 F. App'x 841, 845 (6th Cir. 2018) ("[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard.") (alteration in original). Accordingly, Madison is entitled to qualified immunity on Brock's Fourth Amendment claims asserted against him pursuant to § 1983.

IV. CONCLUSION

For the reasons stated herein, Madison's motion for summary judgment (Doc. 65) is **GRANTED** and Brock's claims against him are **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**